_____

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THOMAS JAMES ZAJAC,<br><br>            Plaintiff,<br><br>      v.<br><br>JANE BALKEMA; TINA SHERROW;<br>MIEHAEL MINIEHINO; DANNY<br>WALTENBAUGH; MICHELLE EVANS;<br>RICHARD MCKELVIE; ERIC BENSON;<br>MARGARET SCHNEIDER; THOMAS<br>DONOVAN; CARLOS ESQUEDA; EDWIN<br>WALL; and DEIRDRE GORMAN,<br><br>            Defendants. | **REPORT AND RECOMMENDATION TO DISMISS FOR FAILURE TO STATE A CLAIM**<br><br>Civil No. 2:17-cv-00304-DB-EJF<br><br>District Judge Dee Benson<br><br>Magistrate Judge Evelyn J. Furse |

On April 3, 2017, pro se Plaintiff Thomas James Zajac, proceeding in forma pauperis, under 28 U.S.C. § 1915 ("IFP statute"), initiated this action.  (ECF Nos. 1 & 8.) Mr. Zajac alleges federal investigator misconduct against Alcohol, Tobacco, Firearms and Explosives ("ATF & E") agents:  Jane Balkema, Tina Sherrow, Michael Minichino, Danny Waltenbaugh, and Michelle Evans, and prosecutorial misconduct against Assistant United States Attorneys ("AUSAs"):  Richard D. McKelvie, Eric Benson, Thomas Donovan, Margeret Schneider, and Carlos Esqueda.  (Compl. 8–19, 27, ECF No. 1.)  Mr. Zajac also alleges ineffective assistance of counsel against Deirdre Gorman and Edwin S. Wall in connection with his April 2011 conviction for crimes associated with a 2006 bombing that occurred at the Salt Lake City Library.  (Id. at 20–27.) Specifically, Mr. Zajac claims absent the federal investigator misconduct, the

prosecutorial misconduct, and the ineffective assistance of counsel, the jury in <u>United States v. Zajac</u>, No. 2:06-cr-811 CW, would have acquitted him of all charges.  (Compl. 6, ECF No. 1.)  For a remedy, Mr. Zajac seeks $48,750,000.00.  (<u>Id.</u> at 28.)

Whenever the court authorizes a party to proceed without the prepayment of fees under the IFP statute, the court must "dismiss the case at any time if the court determines that … the action … fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).  Thus prior to this case proceeding any further, the undersigned analyzes whether the Complaint, as written, states a claim.

On October 23, 2017, Mr. Zajac filed a Renewed Motion to Appoint Counsel. (Renewed Mot. to Appoint Counsel, ECF No. 15.)  On May 21, 2018, the Court denied Mr. Zajac's Motion.  (Order Denying Pl.'s Renewed Mot. to Appoint Counsel, ECF No. 18.)  The undersigned[1] gave Mr. Zajac leave to file an Amended Complaint by May 31, 2018 addressing the issues of prosecutorial immunity, qualified immunity, and the lack of federal action.  (<u>Id.</u> at 5.)  Mr. Zajac failed to comply with the undersigned's Order and has since filed another Motion for Appointment of Counsel.  (Mot. for Appointment of Counsel, ECF No. 19.)

For the reasons addressed below, the undersigned RECOMMENDS the District Judge DISMISS Mr. Zajac's Complaint for failure to state a claim upon which this Court can grant relief because (1) he has not alleged facts that support a cognizable <u>Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971)

---

[1] On November 6, 2017, the District Judge referred this case to the undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1)(B).  (ECF Nos. 16 & 17.)

action because any ruling on his claim of prosecutorial misconduct against the federal

prosecutors and ATF & E agents calls into question the lawfulness of his conviction and

sentence, and (2) he has not alleged any facts that his private attorneys constitute

federal actors for the purposes of a <u>Bivens</u> action.

## RELEVANT BACKGROUND

The Court takes "as true all well-pled (that is, plausible, non-conclusory, and non-

speculative) facts alleged in plaintiffs' complaint." <u>Dudnikov v. Chalk & Vermilion Fine</u>

<u>Arts, Inc.</u>, 514 F.3d 1063, 1070 (10th Cir. 2008) (citing <u>Bell Atl. Corp. v. Twombly</u>, 550

U.S. 544, 555 (2007)).

Mr. Zajac's Complaint asserts claims stemming from his underlying criminal case

and subsequent conviction for crimes associated with a 2006 bombing that occurred at

the Salt Lake City Library.  (<u>See</u> <u>generally</u>, Compl., ECF No. 1; <u>see</u> <u>also</u> <u>United States</u>

<u>v. Zajac</u>, No. 2:06-cr-00811[2].)  Mr. Zajac specifically alleges that the prosecutors in his

underlying criminal case "mishandle[ed], misstat[ed] and spoil[iated] [] evidence by their

expert witnesses and case investigators, as it resulted in a wrongful conviction."

(Compl. 8, ECF No. 1.)  Mr. Zajac further alleges the ATF & E Defendants intentionally

mishandled and "eliminate[d]" evidence "at a time when the government had knowledge

of the item's exculpatory value."  (<u>Id.</u> at 9.)  He also alleges his attorneys failed to object

---

[2] Generally, a court must convert a motion to dismiss to one for summary judgment
when considering matters outside the pleadings.  Fed. R. Civ. P. 12(d).  A court need not
convert the motion if it takes judicial notice of its own files and records, or facts in the
public record, such as a state court action and its filings.  <u>Pace v. Swerdlow</u>, 519 F.3d
1067, 1072 (10th Cir. 2008) (affirming the district court's taking judicial notice of a state
court action and its filings).  Thus, the undersigned takes judicial notice of the earlier
criminal case and habeas case involving Mr. Zajac.

to the admittance of certain evidence that the Court would have excluded "But For" his attorneys' "Inaction."  (Id. at 23; see generally id. at 20–27.)  Mr. Zajac asks the Court "to consider defense attorneys partially responseable for all acts of Prosecutorial Misconduct not identified and acted against by the trial case defense attorneys."  (Id. at 20.)  For relief, Mr. Zajac seeks $48,750,000 in damages.  (Id. at 28.)

### STANDARD OF REVIEW

In determining whether a complaint fails to state a claim for relief under the IFP statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  See Kay v. Bemis, 500 F.3d 1214, 1217–18 (10th Cir. 2007).

While a court construes liberally the filings of a pro se plaintiff and holds them "to a less stringent standard than formal pleadings drafted by lawyers," Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991), a pro se plaintiff must "'follow the same rules of procedure that govern other litigants.'"  Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005) (quoting Nielsen v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994)).  Thus, a pro se plaintiff still has "'the burden of alleging sufficient facts on which a recognized legal claim could be based.'"  Jenkins v. Currier, 514 F.3d 1030, 1032 (10th Cir. 2008) (quoting Hall, 935 F.2d at 1110).  While the court must make some allowances for "the [pro se] plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with the pleading requirements[,]" Hall, 935 F.2d at 1110, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  Garrett, 425 F.3d at 840; see also Whitney v. State of N.M., 113

4

F.3d 1170, 1175 (10th Cir. 1997) (stating court should "not supply additional factual

allegations to round out a [pro se] plaintiff's complaint or construct a legal theory on a

plaintiff's behalf.").

## DISCUSSION

I.  **Mr. Zajac Fails to Allege a Cognizable <u>Bivens</u> Action under <u>Heck v. Humphrey</u>**

Mr. Zajac's alleged facts fail to support a cognizable <u>Bivens</u> action because any

ruling on his claim of prosecutorial and investigative misconduct against the federal

prosecutors and ATF & E agents calls into question the lawfulness of Mr. Zajac's

conviction and sentence.  A <u>Bivens</u> action provides people who have suffered certain

constitutional harms at the hands of federal agents with a financial remedy against the

agents individually.  <u>Bivens</u>, 403 U.S. at 389.  In <u>Heck v. Humphrey</u>, 512 U.S. 477

(1994), the United States Supreme Court held:

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under § 1983.

<u>Id.</u> at 486–87.  The Court's holding in <u>Heck</u> applies to <u>Bivens</u> claims.  <u>See</u> <u>Crow v.</u>

<u>Penry</u>, 102 F.3d 1086, 1087 (10th Cir. 1996) ("<u>Heck</u> applies to <u>Bivens</u> actions.").  A

ruling in Mr. Zajac's favor on his prosecutorial and investigative misconduct claims

against the prosecutors and ATF & E agents implies the invalidity of his conviction.

Indeed, Mr. Zajac's entire Complaint pleads that had any of the Defendants' conduct

5

differed the jury would not have found him guilty.  Mr. Zajac completed his direct

appeals without success.  United States v. Zajac, 482 F. App'x 336 (10th 2012)

(unpublished).  Mr. Zajac then unsuccessfully sought habeas relief.  United States v.

Zajac, 680 F. App'x 776 (10th Cir. 2017) (unpublished), (cert denied, subnom, Zajac v.

United States, 138 S. Ct. 415).  Mr. Zajac has not presented any facts to suggest his

"conviction or sentence has been reversed on direct appeal, expunged by executive

order, declared invalid by a . . . tribunal authorized to make such determination, or

called into question by a federal court's issuance of a writ of habeas corpus…"  Heck,

512 U.S. at 487.   Accordingly, the undersigned RECOMMENDS dismissing Mr. Zajac's

claims against the prosecutors and ATF & E agents for failure to state a claim.

## II.      Mr. Zajac's Ineffective Assistance of Counsel Claim Fails Because Private Counsel Do Not Qualify as Federal Actors

Mr. Zajac's Bivens action against his private counsel fails because he has not

alleged facts that his counsel qualify as federal actors for the purposes of a Bivens

action.  The essence of a Bivens claim is that the petitioner must "demonstrate an injury

consequent upon the violation by federal agents of his Fourth Amendment rights."

Bivens, 403 U.S. at 397.  The undersigned takes judicial notice that the court appointed

Ms. Gorman and Mr. Wall from the CJA panel in the underlying criminal case.  United

States v. Zajac, No. 2:06-cr-811-CW, ECF Nos. 113, 120.  Nonetheless, the

appointment of a defense attorney by the court does not make that attorney a federal

actor.  Allred v. McCaughey, 257 F. App'x. 91, 92–93 (10th Cir. 2007) (unpublished);

see also Zapata v. Public Defenders Office, 252 F. App'x. 237, 239 (10th Cir. 2007)

(unpublished) ("Although a public defender may be paid with state funds, she acts

independent of the state's authority, and instead exercises her independent judgment in representing a criminal defendant."); Haley v. Walker, 751 F.2d 284, 285 (8th Cir. 1984) ("By analogy, an attorney appointed by a federal court is not a federal officer for purposes of a Bivens-type action."); Vermont v. Brillon, 556 U.S. 81, 90–91 (2009) (finding assigned counsel not a state actor for purposes of the Sixth Amendment right to a speedy trial unless acting in a capacity other than defense counsel).  Mr. Zajac has not alleged any facts to show why the Court should consider his attorneys federal actors.  Accordingly, without more facts regarding his counsel, Mr. Zajac cannot sustain an ineffective assistance of counsel claim under Bivens.

## RECOMMENDATION

For the reasons discussed above, the undersigned RECOMMENDS the District Judge DISMISS Mr. Zajac's Complaint pursuant to 28 U.S.C. § 1915 for failure to state a claim upon which the Court can grant relief because (1) he has not alleged facts that support a cognizable Bivens action because any ruling on his claim of prosecutorial misconduct against the federal prosecutors and ATF & E agents calls into question the lawfulness of his conviction and sentence, and (2) he has not alleged any facts that his private attorneys were federal actors for the purposes of a Bivens action.   Because the undersigned already ordered Mr. Zajac to amend his Complaint, and he failed to do so, the undersigned assumes Mr. Zajac cannot amend his Complaint to avoid these problems.

The Court will send copies of this Report and Recommendation to the parties and hereby notifies them of their right to object to the same.  The Court further notifies the parties that they must file any objection to this Report and Recommendation with the

Clerk of the District Court, pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b),

within fourteen (14) days of service thereof.  Failure to file objections may constitute

waiver of objections upon subsequent review.


DATED this 26th day of November, 2018.


BY THE COURT:


Evelyn J. Furse
United States Magistrate Judge